**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Black Mesa Water Coalition, et al., | ) | No. 11-CV08122-PHX-GMS |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Ken Salazar, in his official capacity as U.S. Secretary of Interior, | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiffs' appeal of the Department of the Interior's denial of their petition for the award of costs and fees. (Doc. 7). For the reasons set forth below, the Court affirms the Department of the Interior's decision.

## BACKGROUND

Plaintiffs Black Mesa Water Coalition et al. (collectively "BMWC") are a coalition of Navajo and non-Native American community and conservation organizations. This case stems from BMWC's administrative challenge to the Federal Office of Surface Mining Control and Enforcement's ("OSM") approval of a surface mining permit.

BMWC initiated its challenge to the permit on January 20, 2009 by filing a Request for Review with the U.S. Department of the Interior's Office of Hearings and Appeals ("OHA"). The action was subsequently assigned to an Administrative Law Judge within OHA. The ALJ consolidated BMWC's appeal with other appeals challenging OSM's

1  approval of the mining permit because the appeals "involved common questions of law or
2  fact." (AR 26673). Upon the close of discovery, BMWC and another appellant, Kendall
3  Nutumya, et al. ("Nutumya"), submitted motions for summary decision. (AR 365–66). In
4  their motions, both BMWC and Nutumya argued that OSM's approval of the permit violated
5  the National Environmental Policy Act ("NEPA").

6  BMWC contended that the approval of the permit violated the NEPA because OSM's
7  Environmental Impact Statement ("EIS") failed to (1) "adequately analyze impacts related
8  to global warming"; (2) "consider the impacts of [ ] mercury and selenium emissions from
9  burning coal mined from the complex"; or (3) consider the environmental impacts of a
10 National Pollutant Discharge Elimination System permit issued for the mine by the
11 Environmental Protection Agency. (AR 3831). Nutumya's motion for summary disposition,
12 on the other hand, argued that OSM's decision violated the NEPA because the EIS failed to
13 (1) "compare environmental consequences of [the] proposed decision to a reasonable range
14 of alternatives"; (2) describe the proper affected environment; or (3) present data on the
15 decision's impacts clearly enough to foster "meaningful public comment." (AR 4228–29)

16 On January 5, 2010, the ALJ granted Nutumya's motion for summary decision,
17 holding that the EIS had indeed failed to "consider a reasonable range of alternative to the
18 new proposed action, . . . describe[ ] the [correct] environmental baseline, . . . [or] achieve
19 the informed decision-making and meaningful public comment required by NEPA." (AR
20 396). The ALJ noted that BMWC had also submitted a summary disposition motion that
21 raised NEPA issues, but stated that he "need not address the merits of BMWC's motion
22 because I can grant no additional relief, even if a favorable result could be rendered on its
23 motion. The result it sought—vacatur of the OSM decision—has been granted." (AR 394).

24 On February 22, 2010, BMWC filed a Petition for Award of Costs and Expenses
25 under § 525(e) of the Surface Mining Control and Reclamation Act, seeking $206,453.86
26 from OSM in attorneys' fees and other costs and expenses. (AR 229). On March 8, 2010,
27 OSM moved to dismiss BMWC's petition. On May 28, 2010, the ALJ granted OSM's
28 Motion to Dismiss and denied BMWC's fee petition. (AR 130–156). BMWC appealed the

1  ALJ's denial of the fee petition to the Interior Board of Land Appeals (the "Board"). (AR
2  124). On July 6, 2011, the Board issued a decision upholding the ALJ's denial of the petition.
3  (AR 3–21). The instant appeal followed.

## DISCUSSION

### I.  Legal Standard

A court reviewing an agency's decision bases its analysis on "[w]hether on the record as a whole there is substantial evidence to support agency findings." *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 491 (1951). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it," the court should remand the case to the agency for further action. *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985).

A court can only reverse an agency's decision if, after evaluating the record on the whole, it finds that action to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). When reviewing under the arbitrary and capricious standard, "a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S. Inc. v. State Farm,* 463 U.S. 29, 42–43 (1983). Although the standard is therefore narrow, the Court is required to "engage in a substantial inquiry[,] . . . a thorough, probing, in-depth review." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415–16 (1971), *overruled on other grounds by Califano v. Sanders,* 430 U.S. 99, 105 (1977). After conducting the review, the Court must uphold the agency's action so long as there is a "rational connection between the facts found and the conclusions made." *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs,* 384 F.3d 1163, 1170 (9th Cir. 2004).

### II.  Analysis

The Board upheld the ALJ's denial of BMWC's fee petition based upon its determination that BMWC was neither eligible for, nor entitled to, fees. Title 30 U.S.C. § 1275 provides that:

> Whenever an order is issued under this section . . . a sum equal

- 3 -

> to the aggregate amount of all costs and expenses (including attorney fees) as determined by the Secretary to have been reasonably incurred by such person for or in connection with his participation in such proceedings . . . may be assessed against either party as the court . . . deems proper.

The regulation implementing § 1275 specifies that such fees "may be awarded" to any party "who prevails in whole or in part, achieving at least some degree of success on the merits, upon a finding that such person made a substantial contribution to a full and fair determination of the issues." 43 C.F.R. § 4.1294(b). "The fee petitioner must thus satisfy two requirements under the regulation: first, what is called the 'eligibility requirement' (achieving at least some degree of success on the merits); and, second, what is called the 'entitlement requirement' (making a substantial contribution to the determination of the issues)." *W. Va. Highlands Conservancy, Inc. v. Norton*, 343 F.3d 239, 245 (4th Cir. 2003). *See also Natural Resources Def. Council, et al. v. Office of Surface Mining Reclamation and Enforcement, et al.*, 107 IBLA 339, 364–65, 1989 WL 255496, at *12 (March 20, 1989) (setting out the eligibility and entitlement requirements).

The entitlement requirement—whether the fee applicant made a substantial contribution to the determination of the issues—"is a factual determination . . . . for the Board to answer in the first instance." *Norton*, 343 F.3d at 248. As discussed below, the Board's determination that BMWC is not entitled to fees is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and must therefore be upheld. 5 U.S.C. § 706(2)(A). The Court therefore need not reach the Board's eligibility determination.

As stated by the Board "[t]he test of whether a party made the requisite [substantial] contribution . . . is whether there is a 'causal nexus' between the petitioners' actions and the relief obtained, *the determination of which depends on the totality of the circumstances.*" *W. Va. Highlands Conservancy, Inc. v. OSM,* 181 IBLA 31, 47 (March 31, 2011) (emphasis in original). *See also Ky. Res. Council, Inc. v. Babbitt*, 997 F. Supp. 814, 820 (E.D. Ky. 1998) ("[T]here must be a causal nexus between the plaintiffs' actions in prosecuting the appeal to the Board and the corrective actions taken by OSM."). The Board determined that there was

- 4 -

1 no causal nexus between BMWC's actions and the ALJ's decision to grant Nutumya's
2 motion for summary decision. (AR 17). The Board noted that "[t]he record does not show
3 that BMWC worked to litigate the NEPA issues presented in Nutumya's motion or that
4 Nutumya's legal theories arose from those advocated by BMWC." (AR 18). The Board
5 further noted that "[o]ut of the 1,065 hours BMWC counsel documented as having spent
6 litigating OSM's decision, they spent a total of 5.33 hours conferring with Nutumya's legal
7 team about NEPA issues." (AR 17–18).

8 BMWC contends that there is a causal nexus between its challenge to the mining
9 permit and the corrective actions taken by the Board because it was the only appellant to
10 raise the necessity of a "reasonable range of alternatives" analysis. (Doc. 28 at 19). To be
11 sure, in its Request for Review, BMWC alleged, among other things, that "OSM failed to
12 evaluate a reasonable range of alternatives." (AR 27010, ¶ 99). Nonetheless, Nutumya made
13 the same allegation in its Request for Review. (*See* AR 27092–27096) ("The National
14 Environmental Policy Act requires full consideration of 'appropriate' alternatives.").
15 Moreover, unlike BMWC, Nutumya included this issue in its motion for summary decision.
16 (*Compare* AR 3831, *with* AR 4228–29). It was not, therefore, arbitrary or capricious for the
17 ALJ to determine that Nutumya's appeal shared a causal nexus with the action taken by the
18 Board and BMWC's appeal did not.

19 BMWC also states that it and Nutumya took a "coordinated approach" to briefing their
20 motions for summary decision, and that "Nutumya relied on BMWC's written discovery" to
21 support its motion for summary decision. (Doc. 28 at 25). As noted by the Board, however,
22 only 5.33—or about 0.5%—of BMWC's counsel's total billable hours on the appeal were
23 spent conferring with Nutumya's counsel about NEPA issues. (*See* AR 17–18). And
24 although, in its motion, Nutumya cited to one of the mine applicant's responses to a BMWC
25 interrogatory, (*See* AR 4228, 4363), BMWC does not dispute the ALJ's determination that
26 "Nutumya did not rely on BMWC's discovery responses to support the [specific] arguments
27 on which the ALJ Order granted summary decision." (*See* AR 149; Doc. 28 at 20; Doc. 30
28 at 10–11).

- 5 -

In *W. Va. Highlands Conservancy v. Kempthorne*, the Fourth Circuit determined that a fee applicant was eligible for fees even though the applicant requested different relief than it obtained on appeal. 569 F.3d 147, 154 (4th Cir. 2009). In *Kempthorne*, however, the Fourth Circuit only analyzed the *eligibility* question, and did not make a determination as to the applicant's *entitlement* to fees. *Id.* at 151, 154 (upholding the district court's remand of the case "for consideration of the entitlement question"). The holding in *Kempthorne* does not, therefore, conflict with the Board's entitlement determination in the instant case. The Board's determination that BMWC is not entitled to fees is not arbitrary and capricious and will be affirmed.

## CONCLUSION

The U.S. Secretary of the Interior's determination that BMWC does not meet § 4.1294(b)'s entitlement requirement is supported by substantial evidence in the record. Accordingly, the Court need not reach the question of BMWC's eligibility for fees.

**IT IS THEREFORE ORDERED** upholding the U.S. Secretary of Interior's decision. The Clerk of Court is directed to terminate this action.

Dated this 11th day of July, 2012.

G. Murray Snow
United States District Judge